Mrs. M. S. Heisley v. United States

No. 7738.—

Entry No. 106.

(Decided September 26, 1949)

Plaintiff not represented by counsel.
David N. Edelstein, Assistant Attorney General (Joseph E. Weil, special attorney), for the defendant.

Oliver, Chief Judge: This is an appeal for reappraisement under section 501 of the Tariff Act of 1930 from the value found by the appraiser at the port of Charleston, S. C., on a certain beaver coat imported from Montreal, Canada.

The merchandise was entered on November 24, 1948, at a value of $1,400 and was appraised as entered.

Attached to the entry is a paper (exhibit 1) in the form of a bill under the billhead of the seller, addressed to the plaintiff, stating the retail price to be $1,400; the wholesale price to be approximately 25 per centum less; and that the transaction was a bona fide tourist purchase.

The consular invoice upon which entry was based shows an invoiced amount of $1,400 Canadian currency. In column 11 of this invoice the words "or export" have been crossed out of the heading which now reads "Current Price (Home consumption) Per Unit." This amount is stated to be $1,400 Canadian currency. The information contained in column 11 of the invoice is some indication that the foreign value of the merchandise is higher than the export value.

Subsequent to the date of the appraisement, an amended consular invoice was presented which, in addition to the above-mentioned data given in the original consular invoice, contains the statement "Whole-sale Price Approximately 25% Less."

The plaintiff claims this merchandise should be valued at $1,400 less 25 per centum on the basis of the wholesale price of an article which was purchased at retail for exportation to the United States.

Section 402, Tariff Act of 1930, provides that the value of imported merchandise shall be the foreign or export value, whichever is higher.

The statement on the invoices that the price for home consumption was $1,400 was before the appraiser at the time he made his appraisement and it must be presumed that it was considered by him. I fail to find sufficient evidence in this record to overcome the presumption of correctness attaching to the finding of value made by the appraiser.

On the basis of the record before me I find the foreign value, as that value is defined in section 402 (c), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the merchandise here involved and that such value was the appraised value.

Judgment will be rendered accordingly.